PATRICK B. AIELLO *vs.* FRANK COLAVECCHIO *et ux.*

JUNE 27, 1952.

PRESENT: Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J.   This is a bill in equity to compel specific performance of a written agreement to sell to the complainant a certain parcel of land with a completed house thereon, situated at the corner of Hopedale and Glendale Drives in the town of West Warwick in this state.   After hearing in the superior court on bill, answer and oral proof a final decree was entered denying and dismissing the bill of complaint.   The cause is before us on complainant's appeal from such decree.

The bill alleges that the agreement was executed by complainant and respondent Frank Colavecchio on July 12, 1950; that the price therein agreed upon was $11,300 on which a deposit of $1,000 was paid on said date, leaving a balance due thereon of $10,300.   The bill further alleges that respondents failed to complete the house in accordance with the terms of the agreement; that on October 11, 1950 they mailed to complainant a check for $1,000 representing the amount of the deposit paid by him; that respondents have failed and refused to carry out their agreement; and that he, the complainant, has been at all times ready and willing to perform his part of the agreement.

At the hearing in the superior court complainant presented the written agreement relied upon which contained only the name of Frank Colavecchio as seller, but he testi-

fied that respondent Albertha Colavecchio, in whose name the title to the property in question stood, was present when the agreement was signed and the deposit of $1,000 was paid. The complainant further testified that when he visited the property on October 8, 1950 it was not completed; that he had never been offered a deed thereof; that he had made arrangements to secure a mortgage for $7,000 with a local bank; and that he had $2,500 in cash at home and $1,800 in the bank to carry out his part of the agreement. No further evidence was presented to support his claim that he had the above-mentioned sum of $2,500 in cash, and he showed no bankbook to evidence the fact that he had $1,800 on deposit in the bank. Nor did he present any proof that the bank had agreed to accept the mortgage above referred to.

The respondent Frank Colavecchio, who was called as a witness by complainant, testified that the house was completed on September 23, 1950; that there remained only some interior painting which was to be done according to the wishes of complainant; that complainant, though requested, failed to tender the balance due on the purchase price upon completion of the house; that the refund was made necessary by such failure; that he, the respondent, carried a construction mortgage on the property with his building material supplier as mortgagee; and that the latter made a final inspection of the house on September 29, 1950 and thereafter released the final payment under said mortgage.

The respondent Frank Colavecchio further testified that about January 15, 1951, after he learned that complainant had cashed the check for $1,000 which had been sent as a refund for the deposit, he made arrangements to sell the house to a Mr. and Mrs. Saco, who are now living in it; that in accordance with his agreement with them he added a garage and a breezeway, the value of which is about $3,500; that he has received $4,300 from the Sacos on account of

the purchase price; and that further payments have been withheld pending the outcome of this suit.

On this conflicting evidence the trial justice denied and dismissed the bill of complaint. He found that neither at the time of the bringing of said bill, nor even at the time of the hearing thereon, was the complainant ready, willing and able to carry out his agreement. It is well settled that the finding of a trial justice sitting in equity is entitled to great weight and will not be set aside unless it is clearly wrong. *Nixon* v. *Connery,* 71 R. I. 142; *Di Libero* v. *Tagliaferri,* 76 R. I. 302.

Furthermore the trial justice specifically found that complainant had not proven his case by a fair preponderance of the evidence. The conflict in the testimony raised a clear issue of credibility for him to determine and he decided in favor of respondents. From our consideration of the testimony we cannot say that his decision was clearly wrong and therefore we cannot disturb it.·

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*James J. McAleer, Joseph B. Carty,* for complainant.
*Robert R. Afflick,* for respondents.